UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MYRTLE M. ROBBINS, et al.,

        Plaintiffs,

    v.                                         C-1- 00-706

MATTEL, INC.,

        Defendant.

## ORDER

This matter is before the Court upon the motion of Mattel, Inc. for Summary Judgment as to Plaintiffs' Claim for Accounting of Profits (doc. 119), plaintiffs' opposing memorandum (doc. 121), and defendant's reply brief (doc. 122).

### I. Motion for summary judgment

As defendant notes in its motion for summary judgment, it has twice previously moved for summary judgment on plaintiffs' claim for an accounting. In disposing of the prior motions, the Court determined that there was a question of fact for the jury as to whether the written UNO instructions used by Mattel since June 1999 are substantially similar to the prior set of written UNO instructions, the 1971 Instructions. Defendant urges the Court to revisit a third time the question of whether it is entitled to summary judgment on plaintiff's claim for an accounting in view of the Sixth Circuit's recent decision in ***Kohus v. Mariol,*** 328 F.3d 848 (6th Cir. 2003).

Defendant contends that in *Kohus,* the Sixth Circuit adopted for the first time a two-step test for determining whether "substantial similarity" between copyrighted works exists and therefore whether copyrighted expression has been infringed. *Id.* at 855. Defendant asserts that this Court did not have the opportunity to apply the *Kohus* test in its previous decisions. Defendant argues that because plaintiffs' claim for an accounting fails under the first step of the test, i.e., whether any copyright-protected expression is in issue, defendant is entitled to summary judgment on plaintiffs' claim for an accounting.

## II. Opinion

The Court declines to consider defendant's motion for summary judgment because it is untimely. This lawsuit has been pending for over three years and is scheduled for trial next month. The dispositive motion deadline expired over a year ago on May 31, 2002. Defendant filed two motions for summary judgment on plaintiff's claim for an accounting before the expiration of the deadline but did not file its third motion until August 12, 2003, well beyond the filing deadline. Defendant did not seek or obtain leave of Court before filing the motion out of time.

Defendant has not established good cause for filing a third motion for summary judgment at this late stage of the proceedings. The recent issuance of the decision in *Kohus* does not warrant revisiting the question of the propriety of summary judgment on plaintiff's claim for an accounting. Defendant argues that *Kohus* clarifies that plaintiffs must prove defendant has used copyright-protected elements of the 1971 UNO instructions in order to prevail on their claims and establishes that unprotected elements must be filtered out before comparing works for substantial similarity. The Court does not disagree with defendant's interpretation of *Kohus* but

finds that defendant could have presented the argument it raises here in its prior summary judgment motions based on preexisting law. As noted by the Court in **Kohus,** the Supreme Court employed the method of first identifying and eliminating those elements that are unoriginal and therefore unprotected as early as 1991 in **Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.,** 499 U.S. 340 (1991)(cited in **Kohus,** 328 F.3d at 853). Defendant was therefore free to argue under **Feist** that once the purportedly unprotected elements of the 1971 instructions are filtered out, there is no copyright-protected expression at issue in this case and no need to determine substantial similarity. Moreover, defendant cites several decisions which predate this lawsuit in support of that argument. Thus, the issuance of the decision in **Kohus** is not a valid reason for defendant to disregard the Court's deadlines and to ask the Court to determine a third time whether defendant is entitled to summary judgment on plaintiff's claim for an accounting.

### III. Conclusion

For these reasons, defendant's motion for summary judgment is **DENIED.** This case will proceed to trial in accordance with the schedule established by the Court.

**IT IS SO ORDERED.**

S/Herman J. Weber

HERMAN J. WEBER
SENIOR JUDGE, UNITED STATES DISTRICT COURT

J:\HJWA\00-706msj.wpd